UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

ROGER BARTLETT,

        Defendant.

No. 2:14-cr-00141-GEB

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

        Defendant Roger Bartlett filed a motion on December 28, 2018, in which he seeks dismissal of the criminal indictment in this action, arguing evidence in his motion evinces that the United States entrapped him "as a matter of law." Notice of Mot. at i:22–23, ECF 109. Bartlett supports his motion with evidence and argues: "When evidence of entrapment is undisputed, the matter is properly decided by the Court on a motion to dismiss under Federal Rule of Criminal Procedure 12." Mot. at 1:24–28, ECF 109. The indictment charges that "between on or about April 23, 2014, and on or about May 9, 2014, in the County of Sacramento, State and Eastern District of California, [Bartlett] did use a facility and means of interstate commerce to knowingly attempt to persuade, induce, and entice an individual who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, to wit: Lewd and Lascivious Acts with a Minor, in violation of California Penal Code Section 288(c)(1),

1

all in violation of Title 18, United States Code, Section 2422(b)."
Indictment at 1:21-2:1, ECF 13.

The United States opposes the motion with argument and evidence arguing, inter alia, that when considering defendant's Rule 12 dismissal motion, the Court is to look no further than the face of the indictment. Opp'n at 2:3-5, ECF 110 (citing United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996)). The United States also argues: "This Court cannot rule on 'factual questions associated with the validity of [defendant's entrapment] defense,' because to do so 'would invade the province of the ultimate finder of fact.'" Opp'n at 11:2-4 (quoting United States v. Schafer, 625 F.3d 629, 635 (9th Cir. 2010)).

The United States is correct in these arguments. The Ninth Circuit states in Jensen: When the federal court decides a "pretrial motion to dismiss [under Fed. R. Crim. P. 12(b)], [the court] must presume the truth of the allegations in the charging instruments. . . . [A] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." 93 F.3d at 669 (internal quotation marks and citations omitted). "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence . . . . The Court should not consider evidence not appearing on the face of the indictment." Id.; see also United States v. Milovanovic, 678 F.3d 713, 717 (9th Cir. 2012), as amended (May 22, 2012)(stating "we assume . . . that the United States can prove what it has alleged [in the indictment]" and "[w]e address the legal challenges surrounding the sufficiency of the indictment . . . to determine whether, if proved beyond a

reasonable doubt, a properly instructed jury could convict"; "for [this] reason" "all reasonable inferences" are drawn from the facts stated by the Grand Jury "in favor of the government")(internal citations omitted).

Further, the Ninth Circuit states in <u>Schafer</u>: "Federal Rule of Criminal Procedure 12 allows a defendant to assert a defense in a pretrial motion if the merits of the defense can be determined without a trial of the general issue.  However, if the pretrial motion raises factual questions associated with the validity of the defense, the district court cannot make those determinations. Doing so would invade the province of the ultimate finder of fact." 625 F.3d at 635 (internal quotation marks and citations omitted).

Therefore, Barlett's dismissal motion is denied.

Dated:  January 31, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge